**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL BOCINA,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEB SCARPANTONIO,** *et al.*, | : | **No. 26-CV-1531** |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                               **May 14, 2026**

Plaintiff Michael Bocina, a convicted prisoner currently incarcerated at SCI Frackville, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from events that allegedly occurred while he was a pretrial detainee at Northampton County Prison ("NCP"). Currently before the Court are Bocina's Complaint (ECF No. 3), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 2). In his Complaint, Bocina asserts claims against Deb Scarpantonio, Sabrina Cassioli, Joy Bettuccio, and Colleen Hammerstone. ECF No. 3 at 2–3. For the following reasons, the Court will grant Bocina leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as barred by *res judicata*.

## I.    FACTUAL ALLEGATIONS[1]

The events giving rise to Bocina's claim allegedly occurred at NCP between April 29 and June 25, 2024.  ECF No. 3 at 4.  He alleges that on April 29, 2024, he presented his inmate ID to Scarpantonio and Cassioli seeking his pre-approved kosher meal.  *Id*. at 5.  Cassioli responded that he would not be receiving a kosher meal, and Bocina immediately contacted the dining hall officer.  *Id*.  Scarpantonio repeated that he would not be receiving a kosher meal, but provided no explanation.  *Id*.

At breakfast the next morning, Bocina was again denied his kosher meal by Bettuccio, who provided him with a non-kosher meal and stated, "You're not kosher, this is what you get."  *Id*. at 13.  Bocina declined the non-kosher meal and sat in the dining hall without eating.  *Id*.  At lunch, Hammerstone advised him that he was not on the approved dietary list and would not be receiving a kosher meal.  *Id*.  Bocina alerted the unidentified dining hall officer, who spoke to Hammerstone, Scarpantonio, and Cassioli.  *Id*.  They provided the officer with a copy of the dietary list, which reflected that Bocina's name had been crossed off.  *Id*.  Bocina again went without a meal.  *Id*.  Bocina grieved the denial of his kosher meals, but they were not reinstated until June 25, 2024, when the grievance process was completed.  *Id*.

On an unidentified date, Bocina learned from Scarpantonio and Cassioli that he had been denied his kosher meals because he had eaten Officer Dining Room (ODR) food.  *Id*.  Bocina

---

[1] Unless otherwise indicated, the factual allegations set forth in this Memorandum are taken from Bocina's Complaint (ECF No. 3).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Bocina's pleadings will be corrected for clarity.  In addition, the Court may also take judicial notice of prior court proceedings.  *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.") (collecting cases); *see also In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

protested that he had not consumed any non-kosher food and that the foods he consumed had been with the permission of GD Correctional Services employees and were within his dietary regimen. *Id*.  He did not receive a verbal or written warning for consuming non-kosher foods.  *Id*.  He did receive a misconduct for behavior that resulted in the termination of his kitchen employment, and claims that following his termination, the Defendants retaliated against him by violating his rights, presumably by denying his kosher meals.  *Id*.

Bocina alleges that as a result of the denial of his kosher meals, he experienced weight loss, a substantial burden on his religious practice and related psychological pain.  *Id*. at 5.  He asserts claims for First Amendment retaliation, Fourteenth Amendment equal protection and due process violations, Eighth Amendment deliberate indifference and cruel and unusual punishment, and a claim based on supervisory liability.  *Id*. at 3.  As relief, he seeks termination of the Defendants' employment,[2] reimbursement of commissary expenses he incurred between April 29 and June 25, 2024, and money damages.

---

[2] The Court is not empowered to grant this relief as a remedy under 42 U.S.C. § 1983.  *See Hill v. Liberman*, No. 25-5678, 2025 WL 3515443, at *3 (E.D. Pa. Dec. 8, 2025) ("[T]o the extent that [Plaintiff] wants the police officers and judge to be terminated from their employment, the Court has no authority to order such relief in a Section 1983 civil rights case." (citing *Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan 13, 2023))); *Buskirk v. Pa. Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee"); *see also Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Joseph v. Dep't of Corr.*, No. 20-294, 2022 WL 4001116, at *6 (D. Al. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3996357 (D. Al. Sept. 1, 2022) (holding that "[m]oreover, it is not apparent that the injunctive relief sought—the firing of Defendants from their positions within DOC—is an available remedy" in a § 1983 claim noting that Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001)); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987).

Attached as Exhibits to Bocina's Complaint are a completed Inmate Grievance form in which he grieved the denial of his kosher meals and a "Grievance Review System Response" finding Bocina's grievance not grievable because the undisclosed conduct complained of was "part of disciplinary action." *Id*. at 14. The Response permitted Bocina to write an appeal to the Deputy Warden of Security. *Id*. Also attached to the Complaint is Bocina's handwritten Grievance Review System Appeal raising the denial of religious diet as a disciplinary measure and a "Grievance Review System Deputy Warden Response." *Id*. at 15. The Response reflects that Bocina was removed from the kosher diet list because kitchen staff and volunteer services reported that while Bocina was working in the kitchen from April 23, 2024 through April 29, 2024, he did not follow his kosher diet despite instructions to do so, and because he had purchased non-kosher items from the commissary. *Id*. The Response further reflects that the Deputy Warden who prepared the Response was willing to reinstate Bocina's kosher diet, providing he followed it. *Id*. Bocina's completed Grievance Review System Request for Jail Advisory Board Review reflects that on June 25, 2024, his kosher meals were reinstated. *Id*. at 16.

Previously, in *Bocina v. Scarpantonio*, Civ. A. No. 24-3262 (E.D. Pa.), Bocina asserted a First Amendment interference with religious freedom claim against the named Defendants based on the identical facts asserted in this case. That case proceeded to service of process and was recently dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 41.1(b) following settlement of Bocina's claim. *Bocina v. Scarpantonio*, Civ. A. No. 24-3262 (E.D. Pa.), ECF No. 48.

4

## II.    STANDARD OF REVIEW

The Court will grant Bocina leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.   Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).   At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.   *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).   Conclusory allegations do not suffice.   *Iqbal*, 556 U.S. at 678.

Because Bocina is proceeding *pro se*, the Court construes his allegations liberally.   *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).   The Court will "apply the relevant legal principle even when the complaint has failed to name it."   *Id.*   However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."   *Id.* (quoting *Mala*, 704 F.3d at 245).   An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."   *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024

---

[3] Because he is a prisoner, Bocina must still pay the full filing fee in installments as required by the Prison Litigation Reform Act.

5

WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Because Bocina raises claims against the named Defendants based on the facts he also alleged against them in his prior lawsuit, the new claims are barred by the doctrine of claim preclusion.  The doctrine, also called *res judicata*, protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231–32.  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'" quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983–84 (3d Cir. 1984))).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based

on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  The dismissal with prejudice of a civil action resulting from a settlement of the claims constitutes a final judgment on the merits, satisfying the first element triggering the applicability of *res judicata*.  *See Lyle v. Trans Union*, No. 25-2647, 2026 WL 66977, at *5 (E.D. Pa. Jan. 8, 2026) (quoting *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d Cir. 2008) ("If a settlement agreement triggers the dismissal of a matter, and a defendant's resulting discharge, then '[a] somewhat modified form of *res judicata* applies.'"))  "The express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement." *Toscano*, 288 F. App'x. at 38 (citation modified).  "For claim preclusion (*i.e., res judicata*) purposes, judicially approved settlement agreements constitute final judgments on the merits." *Lyle*, 2026 WL 66977, at *5 (citing Toscano, 288 F. App'x. at 38 (citation modified)).[4]  The second and third elements are also clearly met, as both the prior civil action and this one assert claims against the same Defendants based on identical facts.

Bocina's claims against the named Defendants in this case are barred by *res judicata* because the settlement reached in the prior case provided him with a recovery for the damages he experienced as a result of the 56-day denial of his kosher meals.  He is not entitled to any additional recovery, regardless of the legal claims he pursues based on the same event.  The settlement was a final judgment on the merits in the prior suit involving the same parties, and to the extent

---

[4] Although the settlement agreement reached in Bocina's prior case is not available to the Court, the docket in that case reflects that Bocina has filed a Notice of Appeal, in which he objects to a general release provision in the agreement prohibiting his pursuit of any additional claims against the named Defendants.  (*Bocina*, Civ. A. No. 24-3262, ECF No. 50.)

Bocina's new claims are based on the same facts, they cannot proceed.  Accordingly, the claims will be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Bocina leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as barred by *res judicata*.  An appropriate dismissal Order will be filed separately.  Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**